UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KEWAL S.,

      Petitioner,

      v.

MINGA WOFFORD, et al.,

      Respondents.

No. 1:26-cv-00335-TLN-EFB

**ORDER**

On January 16, 2026, the Court granted Petitioner Kewal S.'s ("Petitioner") Motion for a Temporary Restraining Order ("TRO") releasing Petitioner and ordered Respondents to show cause why a preliminary injunction should not issue on the same terms. (ECF No. 4.) In response, Respondents argue a preliminary injunction should not issue because Petitioner is subject to the mandatory detention framework of 8 U.S.C. § 1225(b).[1]  (ECF No. 8.)

Courts nationwide, including this one, have overwhelmingly rejected Respondents'

---

[1]    Respondents also argue Petitioner's due process claims are foreclosed by *DHS v. Thuraissigiam*, 591 U.S. 103, 138–140 (2020).  Respondents' argument, however, it based on its contention that Petitioner is an applicant for admission under 8 U.S.C. § 1225(a) and subject to the mandatory detention framework of 8 U.S.C. § 1225(b).  As discussed below, the Court finds otherwise and thus, rejects Respondents' argument that noncitizens within the United States lack due process rights.  *See*, *e.g.*, *Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520, at *2 (S.D. Cal. Nov. 12, 2025).

argument. *See e.g.*, *Hortua v. Chestnut, et al.*, No. 1:25-cv-01670-TLN-JDP, 2025 WL 3525916 (E.D. Cal. Dec. 9, 2025); *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (estimating over 350 cases ruled DHS's July policy improper across 160 different judges sitting in about 50 different courts nationwide); *Mirley Adriana Bautista Pico, et al. v. Kristi Noem, et al.*, No. 25-CV-08002-JST, 2025 WL 3295382, at *2 (N.D. Cal. Nov. 26, 2025) (collecting cases); *Armando Modesto Estrada-Samayoa v. Orestes Cruz, et al.*, No. 1:25-CV-01565-EFB (HC), 2025 WL 3268280, at *4 (E.D. Cal. Nov. 24, 2025) (collecting cases).

"These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases).  In comparison, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).  For these reasons, the Court finds Petitioner is not an applicant "seeking admission" subject to mandatory detention under § 1225(b)(2).

Petitioner is entitled to constitutionally compliant due process when the Government revokes a conferred liberty interest.[2] *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent.").  As this Court held previously, Petitioner was released on his own recognizance in October 2023.  (ECF No. 4 at 5.)

---

[2]     The Court has already found Petitioner established each of the *Winter* elements sufficient to warrant relief as set forth in the TRO.  (ECF No. 4.)  Because the standard for issuing a TRO is "substantially identical" to the standard for issuing a preliminary injunction, *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), the Court incorporates its reasoning from the TRO, does not duplicate its analysis here, and only addresses new arguments raised by the parties.

Petitioner was entitled to a hearing to determine whether his detention was warranted, and that process was denied. Respondents do not contest any of these facts nor provide any justification for detaining Petitioner without compliance with constitutional protections.

Thus, to prevent further irreparable harm, the Court issues a preliminary injunction. Respondents are enjoined and restrained from imposing additional restrictions on Petitioner's terms of release, unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing. Respondents are further enjoined and restrained from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation/custody hearing before a neutral decisionmaker, where the Government shall bear the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk, and Petitioner shall be allowed to have his counsel present.

Pursuant to Local Rule 302(a), this matter is hereby REFERRED to the assigned Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Date: January 29, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE